FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 JUL 27 PM 12: 21

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS O. CAMPBELL,<br><br>Defendant. | 8:23CR 142<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, United States Attorney, Christopher L. Ferretti, Assistant United States Attorney, Mahana K. Weidler, Trial Attorney, U.S. Department of Justice – Tax Division, and defendant, Thomas O. Campbell ("Defendant"), and Sean M. Conway, counsel for Defendant, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, as follows:

# I
# GUILTY PLEA

A. CHARGE IN THIS CASE

The Information in this case charges Defendant with one count of willfully making and subscribing a Form 1040, U.S. Individual Income Tax Return ("Form 1040"), for the tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service ("IRS"), and which Defendant did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

B. COUNT OF CONVICTION

Defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged. By this Plea Agreement, Defendant agrees to enter a voluntary plea of guilty to the Information, which charges Defendant with willfully making and subscribing a false Form 1040, in violation of Title 26, United States Code, Section 7206(1).

1

C.  OTHER CHARGES

In exchange for Defendant's plea of guilty as indicated above, and his complete fulfillment of all his obligations under this Plea Agreement, the United States agrees that it will not file additional criminal charges against Defendant in the District of Nebraska relating to criminal violations of Title 26, United States Code, commonly referred to as the Internal Revenue Code ("IRC"), to include additional criminal charges relating to potential violations of the IRC relating to tax year 2019, as disclosed by the discovery material delivered to Defendant's attorney as of the date this agreement is signed by all parties, other than those charges set forth in paragraph A, above. This agreement not to prosecute Defendant for specific crimes does not prevent any prosecuting authority from prosecuting Defendant for any other crime, or for any crime involving physical injury or death.

D.  WAIVER OF INDICTMENT AND VENUE

Pursuant to Fed. R. Crim. P. 7(b), Defendant agrees to waive his right to a grand jury indictment. Pursuant to Fed. R. Crim. P. 18, Defendant further agrees to waive his right to challenge venue in the United States District Court for the District of Nebraska. Pursuant to Fed. R. Crim P. 11(c)(1)(B), Defendant agrees to plead guilty to Count One of the Information.

II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The defendant made and subscribed a return, statement, or other document which was false as to a material matter;
2. The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;
3. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and
4. The defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant will plead guilty because he is in fact guilty of the charge contained in the Information. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to U.S.S.G. § 1B1.3:

1. Defendant THOMAS O. CAMPBELL resides within the District of Nebraska.
2. The IRS is an agency of the United States Department of the Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.
3. A Form 1040 is the form filed by a taxpayer and used by the IRS to assess liability for tax and eligibility for refunds.
4. An IRS Form 8879, IRS e-file Signature Authorization ("Form 8879") is the declaration document and signature authorization for an e-filed return.
5. An IRS Form 1040 - Schedule C, Profit or Loss From Business ("Schedule C") is the form a taxpayer attaches to a Form 1040 to report income or loss from a business the taxpayer operated as a sole proprietor.
6. Defendant is a licensed attorney with undergraduate degrees in Economics and International Studies.
7. Defendant has been an active member of the Nebraska Bar and practicing attorney in Nebraska since September 2011.
8. Defendant registered Thomas Owais Campbell Law Office LLC ("TLN Law"), with the Nebraska Secretary of State in the last quarter of 2013 and he has always been the sole member, managing partner, and owner of TLN Law. TLN Law operates in Omaha, Nebraska, and is taxed as a sole proprietorship. Defendant has always been the only licensed attorney actively practicing law at TLN Law.
9. During the relevant tax years, Defendant managed TLN Law on his own and handled all his personal and business finances without the assistance of professionals. Defendant had the means to hire professionals to assist him as evidenced by his lifestyle during the relevant tax years, yet he self-prepared and self-filed his personal income tax returns.

10. Defendant's 2014 through 2018 Forms 1040 reported profit from TLN Law.
11. On August 27, 2020, the IRS executed warrants to search Defendant's residence and business. Investigators recovered Defendant's Forms 1040 for 2014, 2015, 2016, 2017, and 2018. Those returns match the returns that were filed with the IRS for those tax years.
12. The 2014, 2015, 2016, 2017, and 2018 Forms 1040 were signed and filed by Defendant in Nebraska. Defendant's 2014 Form 1040 was electronically filed on or about April 13, 2015. Defendant's 2015 Form 1040 was electronically filed on or about April 17, 2016. Defendant's 2016 Form 1040 was electronically filed on or about April 17, 2017. Defendant's 2017 Form 1040 was electronically filed on or about April 17, 2018. Defendant's 2018 Form 1040 was signed and physically filed on or about April 15, 2017.
13. Defendant's 2014 through 2018 Forms 1040 included Schedules C reporting income and expenses from TLN Law. Defendant filed his 2014, 2015, 2016 and 2017 Forms 1040 by subscribing to Forms 8879, which contained written declarations ("jurats") stating that "Under penalties of perjury, I declare that I have examined a copy of my electronic individual income tax return and accompanying schedules and statements for the tax year ending [2014, 2015, 2016, 2017], and to the best of my knowledge and belief, [they are] true, correct, and complete." At the time Defendant made the written declarations for his 2014, 2015, 2016 and 2017 tax returns, Defendant did not believe the information in those returns to be true and correct as to the gross receipts reported for TLN Law on lines 1 of Schedules C attached to those tax returns. The 2018 Form 1040 is a paper return that bears Defendant's signature directly below the jurat. At the time Defendant made the written declarations for his 2018 tax return, Defendant did not believe the information in his 2018 return to be true and correct as to the gross receipts reported for TLN Law on line 1 of Schedule C attached to that tax return. Gross receipts reported on line 1 of Schedule C are a material matter.
14. Defendant's 2014 Form 1040 and Schedule C reported $283,867 in gross receipts for TLN Law. The IRS has determined that TLN Law's gross receipts in 2014 were $671,741. Defendant's 2014 Form 1040 and Schedule C understate his gross receipts for TLN Law in the amount of $387,874.

4

15. Defendant's 2015 Form 1040 and Schedule C reported $259,240 in gross receipts for TLN Law. The IRS has determined that TLN Law's gross receipts in 2015 were $840,784. Defendant's 2015 Form 1040 and Schedule C understate his gross receipts for TLN Law in the amount of $581,544.
16. Defendant's 2016 Form 1040 and Schedule C reported $185,300 in gross receipts for TLN Law. The IRS has determined that TLN Law's gross receipts in 2016 were $786,123. Defendant's 2016 Form 1040 and Schedule C understate his gross receipts for TLN Law in the amount of $600,823.
17. Defendant's 2017 Form 1040 and Schedule C reported $399,704 in gross receipts for TLN Law. The IRS determined that TLN Law's gross receipts in 2017 were $1,077,758. Defendant's 2017 Form 1040 and Schedule C understate his gross receipts for TLN Law in the amount of $678,054.
18. Defendant's 2018 Form 1040 and Schedule C reported $247,115 in gross receipts for TLN Law. The IRS has determined that TLN Law's gross receipts in 2018 were $886,053. Defendant's 2018 Form 1040 and Schedule C understate his gross receipts for TLN Law in the amount of $638,938.
19. Defendant falsely subscribed to his 2014 through 2018 returns willfully, with the specific intent to violate the law.
20. Defendant controlled all financial accounts, made all deposits, was the only authorized signor on relevant accounts, and was the only practicing attorney at TLN Law. Defendant was therefore aware that he received substantial amounts of cash as payment for legal services. In each relevant year, TLN Law received and recorded more cash in exchange for legal services than Defendant reported in Schedule C of his tax return.
21. Defendant's receipt books omitted substantial income earned through TLN Law. Defendant personally handled receipt of insurance settlement proceeds and payment of related expenses and receipt of payments for court appointments.

## III
## PENALTIES

A. COUNT I

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 3 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 1 year. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This Plea Agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that Defendant should be held responsible beyond a reasonable doubt for a tax loss not less than $250,000 and not more than $550,000. Therefore, pursuant to U.S.S.G. §§ 2T1.1(a) & (c)(1) and 2T4.1, Defendant's base offense level is 18.

2. If Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B. RESTITUTION

Defendant agrees to the following regarding Restitution:

1. The Court shall consider all relevant conduct in determining the amount of restitution ordered, including, but not limited to, all charged and uncharged criminal conduct alleged in the Information, and not limited to the count(s) of conviction.
2. Defendant shall pay restitution in the full amount of the tax loss as determined by the Court at sentencing.
3. Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk" as directed in the Judgment.
4. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3664, Defendant agrees that restitution is owed to the United States Department of the Treasury, to include relevant conduct as it relates to tax years 2014, 2015, 2016, 2017, and 2018, with credit for any payments made by Defendant or on Defendant's behalf prior to sentencing. The amount of restitution owed will be determined by the Court at sentencing. The District Court will subsequently disburse to the U.S. Department of the Treasury in the amount determined by the Court.
5. Court imposed monetary penalties are *due immediately* and subject to *immediate* enforcement by the United States. 18 U.S.C. § 3613. Defendant acknowledges that pursuant to 18 U.S.C. § 3664(k), he is required to notify the Court, the United States Attorney's Office ("USAO"), and the United States Department of Justice - Tax Division of any material change in economic circumstances that might affect his ability to pay restitution.
6. Any Court ordered schedule for restitution payments is merely a *minimum* payment obligation, and does not limit the methods by which the United States may immediately enforce the Judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (*see* 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31

U.S.C. § 3716) and garnishment of available funds, wages, or assets (*see* 18 U.S.C. §§3613, 3664(m)).

7. Defendant understands that the amount of tax loss as calculated by the IRS may exceed the amount of tax due as calculated for restitution in the criminal case. Defendant further acknowledges that the IRS may use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of any assessment.

    a. Defendant further agrees that he will sign any appropriate IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the restitution ordered by the Court. Defendant also agrees to sign IRS Form 8821 "Tax Information Authorization."

    b. Defendant agrees to send a notice of any restitution payments to the following address, including the defendant's name, social security number, and tax years for which restitution has been ordered:

    > IRS –RACS
    > Attn: Mail Stop 6261, Restitution
    > 333 W. Pershing Ave.
    > Kansas City, MO 94108

8. Defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that this Plea Agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this Plea Agreement, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability.

9. Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure

to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

10. At Defendant's request, the United States agrees to file an unopposed motion, or will jointly file with Defendant a motion seeking an order to allow Defendant to pay restitution in the amount Defendant desires to pay in advance of sentencing.
11. If Defendant makes a payment towards restitution pursuant to paragraph 10 of this section prior to sentencing, the payment will be applied as a credit against the restitution ordered by the Court pursuant to paragraph 4 of this section.
12. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.
13. Defendant will provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.
14. At the request of the USAO, Financial Litigation Program ("FLP"), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.
15. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence and will execute any Release for such information upon request.

16. Defendant understands that compliance with USAO requests for financial information will be considered when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

17. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

18. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Plea Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

19. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this Plea Agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this Plea Agreement; or (2) let this Plea Agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against such asset or property. If the United States opts to be relieved of its obligations under this Plea Agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

B.  ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A, above, the United States will **not** recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or

3. is untruthful with the court or probation officer, or
4. Fails to appear in court, or
5. Engages in additional criminal conduct, or
6. Attempts to withdraw the guilty plea, or
7. Refuses to abide by any lawful court order, or
8. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that Defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that Defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553

The parties agree that Defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A, above.

D.  CRIMINAL HISTORY

The parties have no agreement concerning Defendant's Criminal History Category, except that if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the Court for purposes of sentencing.

## VI

## **WAIVER OF RIGHTS**

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

A.  RIGHT TO BE CHARGED BY INDICTMENT

Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Plea Agreement, Defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the Information, the information process, or the fact that he has been prosecuted by way of information.

B.  TRIAL RIGHTS

Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

1. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.
2. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.
3. If the trial is a jury trial, the jury would be instructed that Defendant is presumed innocent, that the government has the burden of proving Defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

12

4. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established Defendant's guilt beyond a reasonable doubt.
5. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.
6. At a trial, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.
7. At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desires to do so, he could testify in his own behalf.

C. DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant hereby knowingly and expressly waives any and all rights to appeal Defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which Defendant could assert to the charges or to the Court's entry of Judgment against Defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

1. As provided in Section I above, (if this is a conditional guilty plea); and
2. A claim of ineffective assistance of counsel.
3. A right to file a motion under 18 U.S.C. § 3582(c)(1)(A);
   (a) the general right to file a compassionate release motion;
   (b) the right to file a second or successive such motion; or
   (c) the right to appeal the denial of a compassionate release.

Defendant further knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

13

1. The right to timely challenge Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.
2. The right to seek post-conviction relief based on ineffective assistance of counsel.

If Defendant breaches this Plea Agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this Plea Agreement. Additionally, the United States may use any factual admissions made by Defendant pursuant to this Plea Agreement in any such prosecution.

## VII
## **BREACH OF AGREEMENT**

Should it be concluded by the United States that Defendant has committed a crime subsequent to signing this Plea Agreement, or otherwise violated this Plea Agreement, Defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by Defendant.

In the event Defendant commits a crime or otherwise violates any term or condition of this Plea Agreement, Defendant shall not, because of such violation of this Plea Agreement, be allowed to withdraw Defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this Plea Agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## **PRESENTENCE INVESTIGATION REPORT/POST-SENTENCE SUPERVISION**

Defendant understands that the government in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of Defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court,

the Probation Office, the USAO, and the U.S. Department of Justice - Tax Division regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of 18 U.S.C. § 1001 or as a contempt of the Court.

For the purpose of monitoring Defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which Defendant is sentenced, Defendant further consents to the disclosure by the IRS to the Probation Office, the USAO, and the U.S. Department of Justice - Tax Division of Defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to Defendant's sentencing, to and including the final year of any period of supervised release or probation to which Defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of Defendant's request to the IRS to disclose the returns and return information, as provided for in 26 U.S.C. § 6103(b).

## IX

## OTHER TERMS

Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which Defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

Regarding matters relating to the IRS, Defendant agrees to cooperate with the IRS in any tax examination or audit of Defendant which directly or indirectly relate to or arise out of the course of conduct that Defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request.

Defendant will not object to a motion brought by the USAO or the U.S. Department of Justice - Tax Division for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition,

Defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office or U.S. Department of Justice - Tax Division, or an appropriate federal or state agency (including but not limited to the IRS), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, Defendant. Nothing in this paragraph or the preceding paragraph precludes Defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be proposed or assessed by the IRS.

Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## X
## SCOPE OF AGREEMENT

A. This Plea Agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this Plea Agreement, Defendant agrees that the time between the date Defendant signs the Plea Agreement, and the date of the guilty plea will be excluded under the Speedy Trial Act. Defendant stipulates that such period of delay is necessary in order for Defendant to have the opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of Defendant and the public in a speedy trial.

C. The United States may use against Defendant any disclosure(s) Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which Defendant pleads guilty. Defendant will make this payment at or before the time of sentencing.

E. By signing this Plea Agreement, Defendant waives the right to withdraw Defendant's plea of guilty pursuant to Fed. R. of Crim. P. 11(d). Defendant may only withdraw the guilty plea in the event the court rejects this Plea Agreement pursuant to Fed. R. of Crim. P. 11(c)(5). Furthermore, Defendant understands that if the Court rejects the Plea Agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the Plea Agreement and Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this Plea Agreement otherwise anticipated would be dismissed or not prosecuted.

F. This Plea Agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## XI
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless in writing and signed by all parties.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XII

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this Plea Agreement, Defendant certifies that Defendant read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect and voluntarily accepts each and every term and condition of this Plea Agreement.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

Date  7/27/23

_____
CHRISTOPHER L. FERRETTI
ASSISTANT U.S. ATTORNEY

Date  7/27/23

_____
MAHANA K. WEIDLER
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE - TAX DIVISION

Date  6/28/23

_____
THOMAS O. CAMPBELL
DEFENDANT

Date  6/28/23

_____
SEAN M. CONWAY
COUNSEL FOR DEFENDANT